Powell-Rosenberg v T. Eason Land Surveyor, P.C. (2021 NY Slip Op 05998)





Powell-Rosenberg v T. Eason Land Surveyor, P.C.


2021 NY Slip Op 05998


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-00197 
2019-00392
 (Index No. 68287/14)

[*1]Deborah Ann Powell-Rosenberg, etc., respondent,
v
T. Eason Land Surveyor, P.C., et al., appellants.


Judith Ellen Stone, Merrick, NY, for appellants.
Jakubowski Robertson Maffei Goldsmith & Tartaglia, LLP, Saint James, NY (Mark Goldsmith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for professional malpractice, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated September 26, 2018, and (2) an order of the same court dated October 10, 2018. The orders, insofar as appealed from, after a hearing, granted that branch of the plaintiff's cross motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant Treimane A. Eason and directed him to pay a sanction in the sum of $2,500.
ORDERED that the appeals by the defendant T. Eason Land Surveyor, P.C., are dismissed, as that defendant is not aggrieved by the portions of the orders appealed from (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendant Treimane A. Eason from the order dated September 26, 2018, is dismissed, as that order was superseded by the order dated October 10, 2018; and it is further,
ORDERED that the order dated October 10, 2018, is affirmed insofar as appealed from by the defendant Treimane A. Eason; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for the defendants' allegedly negligent performance of professional land surveyor services. The defendants defaulted in appearing and answering, and the Supreme Court entered a default judgment against them and in favor of the plaintiff. Thereafter, the defendants moved to vacate the judgment, and the court denied the motion.
The defendants then made a second motion to vacate the judgment. The Supreme Court denied the defendants' second motion and warned the defendants of sanctions. The defendants, however, made a third motion to vacate the judgment. The plaintiff then cross-moved, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant Treimane A. Eason. Following a hearing, the court granted that branch of the cross motion and directed Eason [*2]to pay a sanction in the sum of $2,500, for engaging in frivolous litigation.
"[T]he court, in its discretion[,] may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (22 NYCRR 130-1.1[a]). Here, under the particular circumstances of this case, the Supreme Court providently exercised its discretion in imposing a sanction against Eason, who, among other things, repeatedly sought to vacate his default.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court